FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 31 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WILLIAM L. JOHNS,

                              Plaintiff,

      -against-

LOCAL 32BJ, SEIU and COVENANT AVIATION
SECURITY, LLC,

                              Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

11-CV-00517 (ENV) (VVP)

**VITALIANO, D.J.**

      Plaintiff William L. Johns moves to vacate a Stipulation of Dismissal under Federal Rule of Civil Procedure 60(b) and asks to proceed with his case, which alleges violations of a collective bargaining agreement. The action was brought under § 301 of the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA"). Defendants Covenant Aviation Security, LLC ("Covenant") and Local 32 BJ, SEIU ("Union") oppose the motion. For the reasons stated below, plaintiff's motion is denied.

**Background**

      On April 10, 2010, plaintiff, who was at the time employed as a security guard by Covenant, was on assignment when a supervisor found him sleeping. Covenant management initially suspended Johns but then terminated his employment on April 15, 2010.[1] In the following months, Johns made numerous appeals of his termination through the Union hierarchy,

---

[1] Though plaintiff insists that his termination was "wrongful," he has docketed documents in which he admits that he was sleeping on the job as charged. See Pl.'s Letter, Sept. 28, 2011 at 12, 15, Dkt. No. 30.

but the Union denied them all, citing the futility of arbitration given that Johns had actually been sleeping on the job. (See, e.g., Pl.'s Letter, Sept, 28, 2011, Dkt. No. 30 at 14).

On December 3, 2010, Johns filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. In re Johns, No. 10-BK-51399 (Bankr. E.D.N.Y. Dec. 3, 2010); discharge was entered on March 17, 2011. Id., Dkt. 21. Approximately two months after filing for bankruptcy, on January 31, 2011, Johns filed the instant suit, pro se, alleging unlawful employment practices under § 301 of the LMRA, 29 U.S.C. § 185 et seq., for breach of duty of fair representation against the Union, and violations of the NLRA, 29 U.S.C. § 151 et seq., and for breach of the collective bargaining agreement ("CBA") against Covenant. Johns retained Locksley Wade as counsel to represent him on April 1, 2010. The record indicates that Wade eventually came to the conclusion that Johns's suit was completely meritless, and should be dismissed. As a result, he attempted to communicate the unhappy conclusion to Johns by letter and phone, but Johns failed to respond to any of these communications. (Pl.'s Mot., Oct. 3, 2011 at 3, Dkt. No. 29.) Wade's letter of August 24, 2011, advised that Wade intended to file a dismissal notice ending plaintiff's case. (Id.)[2] On September 22, 2011, Wade filed a stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii), signed by counsel for all parties. (Stipulation of Dismissal, Dkt. No. 21.) The following day, Johns filed a request to terminate Wade as counsel and to seek continuance of the case; on September 27, 2011, Wade also filed a letter to request withdrawal. On October 14, 2011, Magistrate Judge Pohorelsky granted Wade's

---

[2] The text of the August 24, 2011 letter to Johns reads: "Given that you have not responded to my letters nor telephone call it is a clear indication that you have abandoned the above referenced case because it is without merit and likely to be deemed frivolous by the court. Accordingly, to save time and court costs, I will request the court to dismiss your case with prejudice on Monday the 29th of August 2011." (Dkt. No. 29 at 3.)

withdrawal motion and ordered plaintiff to move this Court pursuant to Rule 60(b) if he wished to proceed with the case.

On October 19, 2011, plaintiff, now again pro se, filed a letter[3] claiming (1) that his wrongful termination case has merit and requisite proof to win; (2) that the Union did nothing in light of his wrongful termination; (3) that Wade, as counsel, acted unprofessionally towards him and his wife and failed to advocate for them because he thought the case was frivolous. Plaintiff requested that his case remain open and that counsel be appointed so that he can pursue it. In their opposition, defendants argue that (1) Johns lacks standing to bring this claim because he did not schedule it as part of his Chapter 7 bankruptcy filing, and therefore this Court lacks subject matter jurisdiction; and (2) the stipulation of dismissal concluded the case and Johns's arguments fail to present any of the extraordinary circumstances or meritorious claims warranting relief under Rule 60(b) to reopen the case.

## Discussion

When a debtor files for bankruptcy, he is required to disclose in an attached schedule all of his assets, including "all causes of action that can be brought by the debtor." Rosenshein v. Kleban, 918 F. Supp. 98, 102 (S.D.N.Y. 1996) (citing Seward v. Devine, 888 F.2d 957, 963 (2d Cir.1989)); Pealo v. AAF McQuay, Inc., 140 F. Supp. 2d 233, 237 (N.D.N.Y. 2001). Assets that are not scheduled are not abandoned by the bankruptcy estate and do not revert to the debtor at the close of the bankruptcy case. Id. Courts have held that because unscheduled claims remain the property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and such claims later brought by the debtor must be dismissed.

---

[3] Given plaintiff's pro se status, the Court considers this letter a motion under Rule 60(b), though that rule is not specifically referenced in plaintiff's letter. See Pl.'s Letter Mot. Oct. 20, 2011, Dkt. No. 35.

Rosenshein, 918 F. Supp. at 103; see also Kassner v. 2nd Avenue Delicatessen Inc., No. 04 CV 7274, 2005 WL 1018187, at *3-*4 (S.D.N.Y. Apr. 29, 2005) (Chapter 7 debtor lacked standing and could not pursue claim because he failed to schedule it in bankruptcy proceeding); Coffaro v. Crespo, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010) ("[w]hen . . . a debtor fails to list a claim in his bankruptcy schedules, that claim remains the property of the bankruptcy estate even after discharge, and the debtor lacks standing to pursue it").

Since plaintiff did not disclose his claims against Covenant and the Union in his bankruptcy filings, see In re Johns, No. 10-BK-51399, Dkts. 1, 12, 15, 16,[4] they remain property of the bankruptcy estate, and Johns, therefore, lacks standing to pursue this case. Coffaro, 721 F. Supp. 2d at 148; In re Costello, 255 B.R. 110, 113 (Bankr. E.D.N.Y. 2000) (citing cases); Ibok v. Siac-Sector Inc., No. 05 Civ. 6584, 2011 WL 293757, at *3-*5 (S.D.N.Y. Feb. 2, 2011) report and recommendation adopted by 2011 WL 979307 (S.D.N.Y. Mar. 14, 2011), aff'd, 470 F. App'x 27 (2d Cir. May 16, 2012); Kassner, 2005 WL 1018187, at *3.

The Court, nonetheless, must consider whether any relief is appropriate. In certain circumstances, for example, rather than dismissing the undisclosed claim, courts have stayed the litigation to give the plaintiff the opportunity to reopen the bankruptcy case so that the bankruptcy trustee could either adopt or abandon the claim. See, e.g., Ayazi v. New York City Bd. of Ed., 315 F. App'x 313, 314–15 (2d Cir. 2009) (plaintiff allowed to seek to reopen bankruptcy "in the unusual circumstances" of a case in which the defendant knew that the pro se plaintiff had failed to disclose the claims in bankruptcy, but the defendant unduly delayed in raising the issue until after the bankruptcy proceeding closed and the defendant had suffered a

---

[4] Where there is a challenge to subject matter jurisdiction, the Court may consider evidence outside the pleadings. Jakil, S.P.A. v. Agrimpex Co. Ltd., No. 08 Civ. 5613, 2009 WL 57479, at *1 (S.D.N.Y. Jan. 8, 2009) (citing Zappia Middle E. Constr. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000)).

partial defeat on the merits of the claim). There are, however, no such unusual circumstances revealed in the fulsome record of this case. Furthermore, based on the submissions by all parties, it is extremely likely that Johns's underlying claims are meritless, not meritorious as in Ayazi, supra. Indeed, that is precisely why Johns's own lawyer reached the conclusion that the case should be withdrawn, and concluded, by Johns's studied avoidance of his attempted contacts, that Johns had abandoned what was surely a losing case. Under these circumstances, the Court finds that the most appropriate order is not to disturb the voluntary dismissal that, as counsel of record, Wade was authorized to stipulate to and on which defendants were entitled to rely. These facts do not warrant an order to set the voluntary dismissal aside and to indefinitely stay this action to permit Johns to seek relief in the bankruptcy court that would, at best, revive an action his own lawyer has concluded is meritless. See Rosenshein, 918 F. Supp. at 103 (dismissing rather than staying action where plaintiffs lacked standing and had not sought to reopen the bankruptcy proceeding nor had they requested a stay so that they might do so).[5] With standing clearly lacking and with abundant support in the record that plaintiff's claims are without merit and, therefore, that extraordinary circumstances are absent, the motion to vacate the voluntary dismissal ordered upon the stipulation of counsel is denied.

---

[5] Other courts have held that the doctrine of judicial estoppel requires that such claims be dismissed rather than stayed. See, e.g., Ibok, 2011 WL 293757 at *3-*5. "In the bankruptcy context, judicial estoppel is commonly invoked in order to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." Coffaro, 721 F. Supp. 2d at 145. However, judicial estoppel only applies where the litigant's prior representation, in this case Johns's failure to schedule his claim, was not the result of a good faith mistake or inadvertent error. Id. Because the circumstances surrounding Johns's failure to disclose his claim in the bankruptcy proceeding are not apparent from the record, and no party addresses the doctrine at all, the Court cannot rule out a good faith mistake or error, and, therefore, grounds its decision based on the absence of standing coupled with the absence of circumstances warranting a stay and return to the bankruptcy court.

## Conclusion

For the reasons given above, plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the stipulation of dismissal entered on September 22, 2011 is denied.

The Clerk is directed to enter a judgment of dismissal and to close this docket.

**SO ORDERED.**

Dated: Brooklyn, New York
        August 15, 2012

                                        S/Judge Vitaliano
                                        ―――――――――――
                                        ERIC N. VITALIANO
                                        United States District Judge